# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Master Sergeant WALTER L. GRAHAM, JR.**
**United States Army, Appellant**

ARMY 20150364

Headquarters, Joint Readiness Training Center and Fort Polk
Wade N. Faulkner, Military Judge
Lieutenant Colonel Sean M. Wilson, Acting Staff Judge Advocate (pretrial)
Colonel Jan E. Aldykiewicz Staff Judge Advocate (recommendation)
Lieutenant Colonel Sean T. McGarry Staff Judge Advocate (addendum)

For Appellant:  Colonel Mary J. Bradley, JA; Major Andres Vazquez Jr., JA; Captain Jennifer K. Beerman, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Major Lionel C. Martin, JA (on brief).

2 November 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

WOLFE, Judge:

On appeal, appellant claims the military judge erred in accepting his guilty plea at a general court-martial to six specifications of raping his step-daughter and four specifications of forcibly sodomizing his step-daughter.[1]  The military judge

---

[1] Appellant does not assign any error regarding his plea to lewd acts with a child or false official statement.  Additionally, appellant raises, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), three issues.  First, appellant requests relief for the 163 days it took for the convening authority to act on his case.  We find no due process violation and determine that no additional relief is warranted.  Second, appellant claims that the collateral effects of his dishonorable discharge are too severe.  We find that a dishonorable discharge appropriately characterizes appellant's service in light of his crimes.  Third, appellant claims that offenses

(continued . . .)

sentenced appellant to a dishonorable discharge, confinement for fifty-one years, and a reduction to the grade of E-1. Appellant argues that the providence inquiry did not establish sufficient evidence of his use of force against his victim, KG. As we disagree, we affirm the findings and the approved sentence.[2]

Each specification of rape alleged that appellant had raped his step-daughter "by using force against [KG], to wit: the abuse of his personal authority as her step-father." Appellant alleges that he did not adequately explain in his guilty plea how the abuse of his parental authority constituted force.

Although not addressed in appellant's brief, we find the definitions of "force" in Article 120b(h)(2), UCMJ, to determine the outcome of this issue.[3] It states "[i]n the case of a parent-child or similar relationship, the use or abuse of parental authority is sufficient to constitute the use of force." With that definition, we find no basis in law or fact to question the providence of appellant's pleas to rape of a child.

Similarly, we find no basis in law or fact to question appellant's plea to the forcible sodomy charges. The military judge defined "constructive force" to appellant, to include circumstances involving abuse of parental authority. Appellant's granting of privileges in exchange for sexual acts, and the threat of punishment for not complying with appellant, adequately established the providence of his guilty plea. Appellant's stipulation that he "continually leveraged his position of authority in the household to force sex on [KG]," combined with his stipulation

---

(. . . continued)

charged under Article 120b are multiplicious with offenses charged under Article 125. We disagree, as the offenses each have different elements. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Teters*, 37 M.J. 370, 377 (C.A.A.F. 1993)). Additionally, we find that appellant's guilty plea waived any claim that the offenses were unreasonably multiplied and do not choose to otherwise exercise our discretionary authority to notice waived error.

[2] In accordance with a pretrial agreement the convening authority reduced the confinement to twenty-five years, but otherwise approved the sentence as adjudged. The convening authority also deferred and waived automatic forfeitures for the benefit of appellant's dependents.

[3] Appellant argues that the "facts elicited during the providence inquiry along with the facts contained in the Stipulation of Fact do not show that MSG Graham's parental authority over Ms. KG amounted to force." Although both briefs are entirely focused on whether the proceedings adequately established whether appellant used force, neither brief cites to Congress's definition of "force" which expressly addresses the issue.

that he "forcefully" penetrated his step daughter, "shoved his penis into her mouth," and told her that she had to "pay for her phone" while grabbing her and inserting his penis in her mouth, also established that he was provident to the offenses.

The findings of guilty and the approved sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court